**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**DWIGHT ELLIS BROOKS**                                                                                    **PLAINTIFF**

**vs.**                              **CASE NO. 4:06-CV-198 GTE**

**DISTRICT OF COLUMBIA BAR
BOARD OF GOVERNORS,
GLADYS KESSLER,
HARRY T. EDWARDS,
NANCY MAYER WHITTINGTON,
RICARDO M. URBINA, and
EMMET G. SULLIVAN**                                                                                    **DEFENDANTS**

**ORDER**

Before the Court are various motions, including: (1) Plaintiff's Motion to Remand; (2) Separate Defendant District of Columbia Bar Board of Governors' Motion to Dismiss; and (3) Separate Defendants Sullivan, Kessler, Edwards, Whittington, and Urbina's Motion to Dismiss. The Court concludes, for the reasons herein stated, that this action was properly removed to federal court by Defendants and that the Plaintiff's Complaint should be dismissed in its entirety against each and every Defendant.

After discussing the factual and procedural background, the Court will consider each motion separately.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Dwight Ellis Brooks, proceeding *pro se*, originally filed this action in the Pulaski County Circuit Court. It is virtually impossible to decipher the exact parameters of Plaintiff's allegations of wrongdoing from examining the word-salad that is Plaintiff's Complaint. It is clear that Plaintiff is seeking relief in the form of $12,000,000 from Defendants. The Complaint

- 1 -

contains a laundry list of various Arkansas state and federal statutes and various case citations.  It further alleges that the Defendants have engaged in "acts and conducts [sic] prejudicial to the due and proper administration of justice and law" and "employed and devised [a] scheme to defraud black citizen, Dwight Ellis Brooks. . ."  (Complaint).

It further appears that Mr. Brooks' allegations may have something to do with a past matter before the United States District Court fo the District of Columbia, as he has attached what appears to be pleading dated January 18, 2005, which was filed in the United States District Court of the District of Columbia.

On February 9, 2006, the Defendant District of Columbia Bar Board of Governors ("D.C. Bar") removed the action to federal district court.  As cause for removal, the D.C. Bar asserts that this Court has subject matter jurisdiction based on both diversity of citizenship and federal question jurisdiction.

From the Notice of Removal, the identify of the Defendants is clarified and other information is gleaned.  An Affidavit signed by Katherine A. Mazzaferri, the Executive Driector of the D.C. Bar, indicates that the D.C. Bar is an arm of the District of Columbia Court of Appeals, that the D.C. Bar's principal place of business is located in Washington, D.C., and that the D.C. Bar has no offices located in Arkansas and is not an incorporated entity under the laws of any state.

Defendants Gladys Kessler, Emmet G. Sullivan, and Ricardo M. Urbina, are all sitting United States District Court Judges for the District of Columbia.  Defendant Harry T. Edwards is a United States Circuit Court Judge for the District of Columbia.  Defendant Nancy Mayer Whittington is the Clerk of the Court for the United States District Court for the District of Columbia.

**(1)    Plaintiff's Motion to Remand**

Plaintiff seeks to remand this action back to the Pulaski County Circuit Court from which it was removed.

Initially, the Court notes that Plaintiff's motion is untimely filed.  Plaintiff filed his motion to remand on March 29, 2006, more than thirty days after the case was removed to federal court on February 9, 2006.  Accordingly, the motion is untimely filed and might be denied on that basis alone.  *See* 28 U.S.C. § 1447(c).

The motion also lacks merit. While it is difficult to comprehend Plaintiff's arguments, the Court has satisfied itself that subject matter jurisdiction exists in this case.  From the face of Plaintiff's Complaint (and the information provided by the D.C. Bar regarding the residence of the Defendants), it appears that this Court has both original diversity jurisdiction and federal question jurisdiction.  *See* 28 U.S.C. §§ 1331 and 1332.   When diversity jurisdiction is properly invoked, a defendant may remove state law causes of action to federal court.   Independently of the Court's exercise of diversity jurisdiction, the Court is also authorized to exercise supplemental jurisdiction over all state law claims that are related to the federal causes of action. 28 U.S.C. § 1367.  For both of these reasons, the Court concludes that Defendant D.C. Bar properly removed this action to federal court pursuant to 28 U.S.C. § 1441 and that the Court has subject matter jurisdiction over all claims asserted in Plaintiff's Complaint.

**(2)    Defendant D.C. Bar's Motion to Dismiss**

Defendant D.C. Bar offers information regarding Plaintiff's prior litigation.  This information is helpful to better understand Plaintiff's intended cause of action here. On September 16, 2004, Plaintiff filed a Complaint in the United States District Court for the District of Columbia, naming therein three individuals closely related to the D.C. Bar.  Plaintiff's

Complaint in the District of Columbia was assigned Case No. 1:04-CV-1606 and will be referred to in this Order as the "D.C. Lawsuit."). The case was assigned to The Honorable Emmet G. Sullivan, who is also named as a Defendant in this lawsuit. The D.C. Bar concluded, based on other correspondence received from Plaintiff and attachments to the Complaint, that the basis of Plaintiff's Complaint in the D.C. Lawsuit was that his constitutional rights had been violated when disciplinary proceedings were not initiated against former U.S. Attorney Roscoe Howard and Assistant U.S. Attorney Peter Blumberg.

Judge Sullivan dismissed Plaintiff's Complaint in the D.C. Lawsuit. (Order attached as Exhibit 3 to the D.C. Bar's motion). No appeal was taken from that dismissal.

As cause for dismissal of this action, Defendant D.C. Bar asserts, among other things, that Plaintiff has failed to include any assertions of fact against the Defendant. Thus, Defendant contends, the Complaint should be dismissed for failure to state a claim. Defendant further contends that this Court lacks personal jurisdiction over the D.C. Bar. The Court concludes that the D.C. Bar is correct on both points, for the reasons well stated in Defendant's brief.

Accordingly, the Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted and lack of personal jurisdiction.

**(3)   Defendants Edwards, Kessler, Urbina and Sullivan's Motion to Dismiss**

Because this Court lacks personal jurisdiction over the federal judges from the District of Columbia and the Clerk of the Court for the United States District Court of Columbia, Plaintiff's Complaint will be dismissed.

The Court additionally concludes that the Judge Defendants are entitled to absolute immunity from suits to recover damages against them for actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9 (1991). Additionally, the Clerk of the U.S. District Court for the

District of Columbia, Nancy Mayer-Whittington, is entitled to absolute quasi-judicial immunity. Accordingly, Plaintiff's Complaint must fail for this additional reason.

For both of these reasons, Plaintiff's Complaint as to the individually named Defendants will also be dismissed.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand (docket entry # 13) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT Defendant D.C. Bar's Motion to Dismiss (docket entry # 9) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Defendants Sullivan, Kessler, Edwards, Whittington, and Urbina's Motion to Dismiss (docket entry # 11) be, and it is hereby, GRANTED.

Pursuant to this Order, the Clerk of the Court is directed to dismiss Plaintiff's Complaint and to terminate this action.

IT IS SO ORDERED THIS   9th   day of August, 2006.

                                                /s/Garnett Thomas Eisele
                                                UNITED STATES DISTRICT JUDGE